IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASPEN SPECIALITY INS. CO.** | : | |
| | : | **CIVIL ACTION NO. 23-2354** |
| v. | : | |
| | : | |
| **RCI HOSPITALITY HOLDINGS, INC.,** | : | |
| et al. | : | |

| | | |
|---|---|---|
| **RCI HOSPITALITY HOLDINGS, INC.,** | : | |
| et al. | : | |
| | : | **CIVIL ACTION NO. 23-2075** |
| v. | : | |
| | : | |
| **ASPEN SPECIALTY INS. CO., et al.** | : | |

**McHUGH, J.**                                                                                           **September 26, 2023**

**<u>MEMORANDUM</u>**

These consolidated cases arise out of a coverage dispute over a liability policy issued to a night club. The litigation began in 2020 with a suit by the carrier against its insureds in New York. A motion to dismiss or transfer remained pending there for a prolonged period, and shortly before it was decided, the insureds counter-sued their carrier and claims administrator here. Transfer was granted, and both cases are now consolidated before me. The claims administrator has moved to dismiss, arguing that whatever the merits of the case against the carrier, the claims against it are barred by a one-year time limitation in its contract with the insured. Because I agree that, regardless of how one defines the occurrence of the alleged breach, more than a year has elapsed, I must grant the claims administrator's motion to dismiss.

I.      **Background**

Plaintiffs RCI Hospitality Holdings and The End Zone hold a liability policy from Defendant Aspen Specialty Insurance Co. ("Aspen").  Plaintiffs allege breach of contract and seek declaratory relief against Aspen for declining coverage for two personal injury lawsuits.  In the alternative, Plaintiffs allege breach of contract by their claims administrator, Defendant Broadspire Services ("Broadspire"), for failing to notify Aspen of the underlying lawsuits as agreed.  Compl. ¶¶ 13, 27–29 (23-2075, ECF 1).

Broadspire moves to dismiss Plaintiffs' claim, contending it is barred by a time restriction in their Service Agreement:

> Time Bar.  Any action of any kind by Client against Broadspire arising as a result of this Agreement must be commenced within one (1) year from the date on which any right, claim, demand or cause of action shall first accrue.[1]

Mot. to Dismiss, Ex. A, § 8.4 (23-2075, ECF 10).  Plaintiffs dispute the time bar's applicability here.[2]

II.     **Standard of Review**

Within the Third Circuit, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

III.    **Discussion**

**A. The Parties' Arguments**

---

[1] Because the Service Agreement is cited in Plaintiff's Complaint as the basis of their breach of contract claim, it is properly considered in connection with this motion to dismiss. *Estate of Roman v. City of Newark*, 914 F.3d 789, 796 (3d Cir. 2019).

[2] The Service Agreement is between Broadspire and Rick's Cabaret International, Inc., which later became RCI, Compl. ¶ 8 n.1, but The End Zone also claims breach of contract against Broadspire.  Broadspire's motion to dismiss is directed at both plaintiffs and does not appear to contest whether a contract existed with The End Zone.  *See* Mot. to Dismiss & Reply Br. (23-2075, ECF 10, 25).

Broadspire's basis for dismissal is simple: its contract with Plaintiffs included a one-year time bar for breaches of contract, and more than one year passed between their alleged breach and this suit. According to the Complaint, Broadspire breached by "providing untimely notice of the Underlying Lawsuits" to Aspen. Compl. ¶ 28. Broadspire argues that regardless of whether it breached when it first learned of the underlying lawsuits on April 26, 2015, Compl. ¶ 10, or not until Aspen ultimately denied coverage on May 31, 2019, documented at ECF 10-3, more than one year elapsed before Plaintiffs filed suit on May 31, 2023.

Plaintiffs' response seeks to delay consideration of the time bar. They do not challenge its validity but argue it cannot form the basis for dismissal under Rule 12 because their Complaint does not specifically plead when Broadspire's breach occurred. *See* Pls.' Opp. Br. at 5–7 (23-2075, ECF 22). And unless the bar applies, they contend that their action is timely under the applicable state statute of limitations. Separately, Plaintiffs suggest that because their claim against Broadspire is pled in the alternative, Broadspire cannot be considered to have breached yet, with the result that the one-year time bar has not yet started to run. Under Plaintiffs' construct, Broadspire will only be in breach—and the time bar will only start to run—should the Court reject Plaintiffs' primary claims against Aspen. *See id.* at 6–8.

**B. The One-Year Contractual Time Bar**

After reviewing the allegations of the Complaint, I find that the facts as pleaded require the conclusion that the claim against Broadspire is barred by the one-year limitation.

Plaintiffs concede that the time bar in Broadspire's Service Agreement is generally enforceable. *Id.* at 5. And although the parties dispute whether Pennsylvania or Georgia law

3

governs here,[3] both states' laws permit contractual time bars of this kind. *See South. Telecom, Inc. v. Level 3 Commc'ns, LLC*, 671 S.E.2d 283, 287 (Ga. Ct. App. 2008) ("Limitation clauses reducing the time permitted to assert claims under a written contract from six years to twelve months are enforceable in Georgia."); *Gen. State Auth. v. Planet Ins. Co.*, 346 A.2d 265, 267 (Pa. 1975) ("The law is clear that such a clause, setting [a twelve month] time limit[] upon the commencement of suits to recovery on a policy, is valid and will be sustained."). Thus, the only issues are whether the time bar applies here and if it expired before Plaintiffs filed their Complaint in May, 2023.

Plaintiffs argue that the time bar is inapplicable because "it is unclear on the face of the complaint when the cause of action for breach of contract accrued." Pls.' Opp. Br. at 5. They rely on the well-established principle that the statute of limitations is an affirmative defense, so that "[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel v. Jendoco Constr. Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978). But the Third Circuit permits dismissal if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (citation omitted).

Plaintiffs are correct that their Complaint is (perhaps strategically) ambiguous as to when they contend that the breach occurred. That does not prevent the Court from analyzing the applicability of the time bar from the specific events Plaintiffs do allege. Plaintiffs have pleaded that two claims were filed against them and that Broadspire was notified of the claims in April, 2015. Compl. ¶¶ 10–11. One claim was barred by the doctrine of employer immunity, *see id.* ¶

---

[3] The parties disagree over which state's statute of limitations applies. Broadspire maintains that Georgia law governs this contract dispute because the Service Agreement contains a choice of law provision: "The laws of the State of Georgia shall govern this Agreement." Mot. to Dismiss, Ex. A, § 15.2. Plaintiffs respond that Pennsylvania law governs because the choice of law provision does not expressly incorporate the time bar. *See* Pls.' Opp. Br. at 4–5 (23-2075, ECF 22). I need not decide this issue because my analysis is the same under either state's laws.

12, and the other claim continued to be handled by Broadspire. *Id.* ¶ 13. Broadspire remained involved in handling the claim throughout the litigation until verdict. *Id.* ¶ 14. At that point, in May, 2019, Aspen formally denied the claim. *Id.* ¶ 16. Plaintiffs were then sued by Aspen on June 5, 2020, and the Complaint specifically alleges failure to give timely notice as Aspen's basis for denying the claim. Civil Action 23-2354, ECF 1. Defendants are correct that *whenever* the breach occurred, the facts alleged lead to the inexorable conclusion that more than a year has elapsed since. The latest possible date on which Broadspire's breach could be deemed to have occurred was June 5, 2020, when Aspen commenced litigation against Plaintiffs. Plaintiffs' choice not to identify a specific date of breach in their Complaint does not alter the conclusion that their claims against Broadspire are untimely under the admitted terms of the contract.

Plaintiffs next contend that having pled their breach of contract against Broadspire as an alternative theory to their claims against Aspen, Broadspire will not be in breach unless and until the Court rejects the claims against Aspen:

> Plaintiffs will be able to first maintain the action against Broadspire to a 'successful conclusion' when the Court determines whether Plaintiffs provided untimely notice of the Underlying Lawsuits to Aspen. If the Court rules in favor of Plaintiffs on the coverage issue, Broadspire will not be in breach of the Service Agreement. However, if the Court finds in favor of Aspen on the coverage issue, Broadspire will have breached its obligations under the Service Agreement, [and] Plaintiffs can at that time pursue their breach of contract cause of action against Broadspire to a successful conclusion . . . .

Pls.' Opp. Br. at 7–8.

Broadspire is correct that this argument presents Plaintiffs with an insoluble dilemma: either they fail to state a claim, or their claim is barred. If they cannot currently "maintain the action against Broadspire" because they have not yet suffered damages, Pls.' Opp. Br. at 6, then they have failed to state a claim upon which relief may be granted under both Georgia and Pennsylvania law. *See Kuritzky v. Emory Univ.*, 669 S.E.2d 179, 181 (Ga. 2008) ("The elements

5

for a breach of contract claim in Georgia are the (1) breach and the (2) *resultant damages* (3) to the party who has the right to complain about the contract being broken.") (emphasis added); *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middelman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) ("It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) *resultant damages*.") (emphasis added).

In fact, however, Plaintiffs have pleaded damages, and not hypothetically. In seeking recovery from Broadspire, Plaintiffs allege that they had to "pay their own attorneys' fees, costs, and expenses to defend against the Underlying Lawsuits," and that they "also suffered financial difficulties because they were required to fund the defense without the assistance of their insurance company." Compl. ¶ 29. Plaintiffs also allege that although RCI was dismissed in the underlying case, it "incurred significant defense costs and expenses with respect to the Underlying Lawsuits." *Id.* ¶ 16 n.3.

In practical terms, Plaintiffs ask me to endorse a contingent, non-ripe claim as a basis for extending the time limit set forth in their contract. They point to no authority to support such a result.

### IV.     Conclusion

Plaintiffs' own allegations establish that the one-year time bar expired before Plaintiffs filed their Complaint. I will therefore grant Defendant Broadspire Service's Motion to Dismiss. An appropriate order follows.

  /s/ Gerald Austin McHugh
United States District Judge